IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PETER GROSSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:13-CV-1416-MHC |
| | ) | |
| JAY W. SMITH, Individually, and and doing business as Law Office of Jay W. Smith, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This is an action where Plaintiff ("Grossman") alleges that a collection letter he received from Defendant ("Smith") violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*("FDCPA"). Both parties filed cross-motions for summary judgment. It is before this Court on the Final Report and Recommendation of Magistrate Judge Gerrilyn G. Brill [Doc. 27] recommending that Smith's motion [Doc. 20] be denied and Grossman's motion [Doc. 22] be granted in part and denied in part. Smith has filed objections to the Report and Recommendation.

I.     Relevant Facts

After receiving a collection letter from National Commercial Services informing him he owed money to Thrifty Car Rental for damage to a rental car, Grossman sent back a letter disputing the debt and requesting that National Commercial Services validate it.  Deposition of Peter Grossman, Exs. 2, 4. [Doc. 21.]  Grossman later received another collection letter from Smith's law office purportedly enclosing documentation validating the debt, seeking payment, indicating Grossman's account has been reported to all credit agencies as disputed, and stating that failure to remit payment may result in further action to enforce payment.[1]  Defendant's Brief, Ex. 2.  [Doc. 20-2.]  The evidence as to whether Smith was authorized to file suit against Grossman on the debt on behalf of Thrifty Car Rental is unclear.  Deposition of Jay W. Smith pp. 15-17. [Doc. 19.]

II.    Smith's Objections

Smith first contends that the Magistrate Judge erred in concluding that the validation notice contained in the second page of Smith's letter was overshadowed

---

[1] Smith contends there was a second page to the letter which provided notice of certain rights under the FDCPA, (Def.'s Br. Ex. 1), however, Grossman denies receiving that page.  See Grossman Dep. at 18.  The Magistrate Judge, viewing the evidence in a light most favorable to the non-movant, correctly presumed that the second page was either received or not received depending upon which summary judgment motion was being considered.

2

by the demand for immediate payment on the first page of the letter. Smith's argument is that there was no such demand because the language on the first page provided only that such a failure to pay "*may* result in further action in order to enforce payment" rather than "*would* result in further action in order to enforce payment." See Def's Br., Ex. 1. Smith presents no authority to support his argument. In fact, the case cited by the Magistrate Judge in support of her ruling that the communication on the first page of Smith's letter overshadowed or contradicted the validation notice had a demand that used the word "could" rather than "would." Russell v. Equifax A.R.S., 74 F.3d 30, 33, 35 (2d Cir. 1996) ("The question is whether, from the perspective of the least sophisticated consumer, language contained in the notice overshadowed or contradicted the mandatory validation notice; if so, then the Act is violated. It is unnecessary to prove the contradiction is threatening."); see also Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521, 525, 527 (E.D. Pa. 1996) (finding that use of language "may bring a lawsuit" overshadowed or contradicted the validation notice).

Smith also believes he was entitled to summary judgment on the question of whether there was a misrepresentation about his ability to file suit on behalf of Thrifty Car Rental, claiming that there is no evidence in the record that he could

3

not file such a lawsuit. As the Magistrate Judge opined, however, Smith's own testimony on this very point was, at the least, conflicting:

> Q.  Have they gave (sic) you authorization to sue Mr. Grossman?
>
> A.  Yes.
>
> *****
>
> A.  I understand. You know, if I may, I may have misspoke. I don't know, as I sit here, whether or not there was actually an authorization to proceed with the lawsuit against Mr. Grossman from Thrifty. You know, as I'm looking at this, it looks like the – I don't know if it actually proceeded to authorization and filing suit, if it's something we were considering or that Thrifty was considering. But I – my testimony is now that I don't see – I don't think that we have an actual authorization for this, for an actual lawsuit at this time.

Smith Dep. at 16-17.

Finally, Smith objects to the Magistrate Judge's ruling that a subsequent creditor must provide the debtor with a new validation notice. Contrary to Smith's argument, the Magistrate Judge did not ignore court decisions that have ruled that the requirement in 15 U.S.C. §§ 1692e(11) & 1692g applies only to the first communication from the first collector but instead chose to rely on those courts that have ruled that each creditor that attempts to collect on a debt must provide the debtor with a new validation notice. Although the Eleventh Circuit appears not to have considered the meaning of the term "initial communication," this Court agrees with the Magistrate Judge that it is reasonable to adopt an interpretation that

4

requires each debt collector to provide a new validation notice because it serves the goals of the FDCPA.

Therefore, Smith's objections to the Magistrate's Report and Recommendation [Doc. 29] are **OVERRULED**.

III.   Conclusion

Accordingly, for the reasons stated above, this Court approves and adopts the Magistrate Judge's Final Report and Recommendation [Doc. 27] as the judgment of the Court.  Smith's motion for summary judgment [Doc. 20] is **DENIED**.  Grossman's motion for summary judgment [Doc. 22] is **GRANTED** as to liability on his validation-notice claim under 15 U.S.C. § 1692g and **DENIED** as to his § 1692e(11) claim concerning the collector notice and his misrepresentation claim under §§ 1692d, 1692e, and 1692f.

**IT IS SO ORDERED** this 18th day of December, 2014.

_____
MARK H. COHEN
United States District Judge